**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:16-cv-396-FDW**

| | |
|---|---|
| **RAYMOND DAKIM HARRIS JOINER,** | )<br>) |
| **Plaintiff,** | )<br>) |
| vs. | )<br>)<br>) **ORDER**<br>) |
| **GEORGE T. SOLOMON,** | )<br>)<br>) |
| **Defendant.** | )<br>) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1).

**I.  BACKGROUND**

Pro se Plaintiff Raymond Dakim Harris Joiner, a North Carolina prisoner incarcerated at Marion Correctional Institution in Marion, North Carolina, filed this action on December 16, 2016, pursuant to 42 U.S.C. § 1983. Plaintiff has named as a Defendant George T. Solomon, identified as the Director of the North Carolina Department of Public Safety. Quite bizarrely, Plaintiff also appears to have named himself as a Defendant. Plaintiff alleges the following facts in the Complaint:

> Based upon information and belief on October 21, 2016, I . . . filed a grievance d[ue] to be subjected to long term segregation and denied access to my radio and the right to have access to the media under the First Amendment of the United States Constitution. The above defendant George T. Solomon contracted with state courts and created a estate under my name without consent or a valid contract agreement. The name Raymond D. Joiner, opus #0679537 is a fictitious entity created to subject me to the bylaws of the agency of N.C. Dept. of Public Safety which strip my individual constitutional rights and made me a subject matter to being denationalized. George T. Solomon, Raymond D. Joiner, and the

1

> Division of Adult Correction Prisons section (NCDPS) is all held responsible for depriving my constitutional rights under the First Amendment and denationalizing me and taking me out my proper person as an individual. Both Defendants acted under color of law. The plaintiff has no plain or adequate remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparabl[y] injured by the conduct of the defendants unless this Court grants the declaratory and injunctive relief which plaintiff seeks.

(Doc. No. 1 at 3-4).

Plaintiff states that he seeks injunctive and declaratory relief, compensatory damages, and punitive damages. (Id. at 4). Specifically, as to the declaratory and injunctive relief, Plaintiff asks the Court to order "George T. Solomon and Raymond D. Joiner to stop depriving Plaintiff his First Amendment right and to stop denationalizing him" and "to allow Plaintiff have his radio and have the defendants surrender plaintiff birth certificate and show a valid contract agreement." (Id. at 4). Finally, Plaintiff has attached a "UCC Financing Statement" to the Complaint, purportedly in an attempt to show that he is not subject to the jurisdiction of the State of North Carolina.

**II.     STANDARD OF REVIEW**

Because Plaintiff seeks to proceed in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably

meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

### III. DISCUSSION

The Court will dismiss this action for failure to state a cognizable claim against either Defendant. Here, at most, Plaintiff alleges that he was deprived of the use of his radio, and he contends that therefore his First Amendment "right to media" was violated. To prevail in a Section 1983 action, a plaintiff must show that the defendant violated a federal right. See Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977) (finding that to state a civil rights claim, one must allege that he, himself, sustained the deprivation of a right, privilege, or immunity secured by the Constitution or federal law). Here, Plaintiff's allegations fail to state a cognizable claim of a violation of a federal right and this action will therefore be dismissed. Furthermore, to the extent that, by attaching a "UCC Financing Statement" to his Complaint, Plaintiff is attempting to bring a claim that he is not subject to the jurisdiction of the State of North Carolina for purposes of his underlying criminal conviction, this claim is wholly frivolous. See Thomas v. United States, No. 5:13-HC-2050-D, 2013 WL 12112952, at *1-2 (E.D.N.C. July 8, 2013), aff'd, 568 F. App'x 239 (4th Cir. 2014) ("To begin with, the U.C.C. has no bearing on criminal subject matter jurisdiction. Prisoners have sporadically attempted to foist such frivolous, irrational, unintelligible UCC-related arguments on federal district courts for years. Such efforts (which broadly fall under the theory of 'redemption') have uniformly been rejected in summary fashion, and may subject their filers to prosecution should they proceed to file frivolous bonds, liens or default notices against government officials involved in defendants' incarceration.") (citations and some quotations omitted).

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's action is dismissed for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim.

2. Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this Court's review.

3. The Clerk is directed to terminate this action.

4. Further frivolous pro se filings by the Plaintiff may result in sanctions for contempt of court, including fines and/or federal incarceration consecutive to the Plaintiff's current state incarceration.

Signed: December 19, 2016

Frank D. Whitney
Chief United States District Judge